## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUNCAN LAWSON , | : | CASE NO. 3:13cv00206 (VLB) |
| and | : | |
| JANE DOE, A MINOR CHILD, | : | |
| PPA DUNCAN LAWSON, | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| TIMOTHY HILDENBRAND, | : | |
| GARY HOFFKINS, RICHARD STOOK, | : | |
| JOSEPH RONDINI, FREDERICK QUEZADA | : | |
| and THE TOWN OF GREENWICH | : | |
| | : | |
| Defendants. | : | June 19, 2013 |

## REPORT OF THE PARTIES' PLANNING MEETING
## PURSUANT TO RULE 26f OF THE FEDERAL RULES OF CIVIL PROCEDURE

Complaint Filed:        February 14, 2013

Complaint Served:       The defendant Town of Greenwich was served on March 18,

2013.  The defendants Timothy Hilderbrand, Gary Hoffkins, Richard Stook Joseph

Rondini and Frederick Quezada have not been served personally.

Appearance for Town of Greenwich:        April 12, 2013

Conference Date:                         June 18-19, 2013

Pursuant to Fed. R. Civ. P. 26(f) and Rule 26(f) of the Local Rules of Civil

Procedure for the United States District Court, District of Connecticut, counsel conferred

on June 19, 2013.  The participants were William Sylvester Palmieri for Plaintiffs,

Valerie Maze Keeney on behalf of the defendant Town of Greenwich, and William J.

Kupinse, Jr.  on behalf of the individual defendants.

I.      Certification

        The undersigned counsel certify that, after consultation with their clients, they

have discussed the nature and basis of the parties' claims and defenses and any

possibilities for achieving a prompt settlement or other resolution of the case and, in

consultation with their clients, have developed the following proposed case

management plan.  Counsel further certify that they have forwarded a copy of this report

to their clients.

II.     Jurisdiction and Venue

        A.      Subject Matter Jurisdiction:  Jurisdiction of this Court is invoked under the

provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and

1988 of Title 42 of the United States Code.

        B.      Personal Jurisdiction:  The defendant Town of Greenwich has been

served and has appeared.  The defendants Timothy Hilderbrand, Gary Hoffkins,

Richard Stook Joseph Rondini and Frederick Quezada have not been served

personally, but they will waive personal service and counsel will enter an appearance

for them without service.

        C.      Venue:  Connecticut is an appropriate forum for this action.

III.    Brief Description of Case

        A.      Plaintiffs' Claims:  This is an action for money damages to redress the

deprivation by the defendants of rights secured to the plaintiffs by the Constitution and

laws of the United States and the State of Connecticut.  The plaintiff, Duncan Lawson,

alleges that the defendant police officers subjected him and his minor children, including

minor female plaintiff Jane Doe, to violation of their constitutional rights, including

unlawful search and seizure, false arrest and malicious prosecution, and freedom of speech, in contravention of the Constitution and laws of the United States and the State of Connecticut.  The defendants further subjected the plaintiffs to the intentional infliction of emotional distress in violation of the laws of the State of Connecticut, invoked under this Court's supplementary jurisdiction.  The defendant Town has incurred municipal liability for the constitutional violations of the individual defendants.

On or about November 18, 2010, at approximately 10:30 p.m., the defendants entered the plaintiffs' home without a warrant, demanded to search the residence, woke the sleeping children, threatened the adult plaintiff with arrest and did arrest him.  The arrest was dismissed by a Judge of the Superior Court, State of Connecticut. This action followed.

B.     Defendant's Defenses and Claims:  The defendant Town of Greenwich requested an extension to June 28, 2013 to file its answers and defenses pending appointment of conflicts counsel for the individual defendants and review of erased records.  Counsel for the defendant Town of Greenwich filed a motion for disclosure of erased records relating to the incident at issue in the complaint.  The motion was filed in State court and was granted on June 3, 2013 (Gary J. White, J.).   Additional time for the preparation and filing of answers and responsive motions may be needed.

IV.   Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.     Plaintiffs are Connecticut residents.

2.      On or about November 18, 2010 Plaintiff Duncan Lawson was placed under arrest.

V.      Case Management Plan

A.      Standing Order on Scheduling in Civil Cases:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

B.      Scheduling Conference with the Court:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.      Early Settlement Conference:

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is not likely at this time.

2.      The parties do not request an early settlement conference.

3.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.      Joinder of Parties and Amendment of Pleadings: Not applicable

E.      Discovery:

1.      The parties anticipate that discovery will be needed on the following subjects:

a.      By plaintiffs:  The plaintiffs will conduct discovery upon all of the events complained of in the Complaint; the disciplinary history of the defendants and other Greenwich police officers; the defendant municipality's

-4-

conduct related to the conduct of its police officers; damages; and such other issues as become known in the discovery process.

      b.    By defendant Town of Greenwich:

           1.    The factual allegations of Plaintiffs' complaint;

           2.    Records relating to plaintiff's arrest and disposition of charge.

           3.    Plaintiffs' claimed damages;

      c.    By the individual defendants,: Timothy Hilderbrand, Gary Hoffkins, Richard Stook, Joseph Rondini and Frederick Quezada:.

           1.    The factual allegations of Plaintiffs' complaint;

           2.    Records relating to plaintiff's arrest and disposition of Charge.

           3.    Plaintiff's claimed damages.

    2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately and be completed (not propounded) by January 30, 2014.

    3.    Discovery will not be conducted in phases.

    4.    The parties stipulate that initial disclosures will be delayed until sixty days before discovery closes.

    5.    The parties anticipate that the Plaintiffs will require a total of three (3) depositions of fact witnesses and that the Defendants will require a total of approximately six (6) depositions of fact witnesses.  The depositions may commence immediately, and shall be completed by October 31, 2013.

6.     The parties do not expect to request permission to serve more than 25 interrogatories.

7.     Plaintiffs intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 31, 2013. Depositions of any such experts will be completed by December 15, 2013.

8.     Defendant intends to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 30, 2013,. Depositions of such experts will be completed by January 30, 2014.

9.     A damages analysis will be provided by any party who has a claim for damages by September 1, 2013.

10.    Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

11.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:

The inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection afforded to work-product materials or the subject matter thereof.  Within one week after discovering an inadvertent production of privileged information, the disclosing party shall notify the opposing party, in writing, of the inadvertent production.  Upon receiving written notice from the disclosing party that privileged information or work-product material has been inadvertently produced, all such information, and copies thereof, shall be returned by counsel for the receiving party and shall not be used for any purpose unless there is a contrary order of the Court.  Any analyses, memoranda or notes that were internally generated based upon such inadvertently-produced information shall be immediately treated in conformance with the protected nature of the information.  By complying with this obligation, the receiving party does not waive any right it has to challenge the assertion of privilege and request an order of the Court denying such privilege.

F.      Dispositive Motions

Dispositive motions will be filed on or before March 1, 2014.

G.      Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than sixty (60) days following the ruling on any dispositive motions or by April 1, 2014 if no dispositive motions are filed.

VI. <u>Trial Readiness</u>

The case will be ready for trial no later than sixty (60) days following the ruling on any dispositive motions or by May 1, 2014 if no dispositive motions are filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFFS

DEFENDANT TOWN OF GREENWICH

By _____s/_____
    William Sylvester Palmieri
    (ct14361)
    Law Offices of William S. Palmieri
    129 Church Street, Suite 405
    New Haven, CT 06510
    Telephone: 203-562-3100
    Facsimile: 203-909-6006
    E-Mail: wpalmieri@hotmail.com

By_____s/_____
    Valerie Maze Keeney (ct14080)
    Town of Greenwich
    Law Department
    101 Field Point Road
    Greenwich, CT 06830
    Telephone: 203-622-7876
    Facsimile: 203-622-3816
    vmazekeeney@greewnichct.org

THE INDIVIDUAL DEFENDANTS, TIMOTHY HILDERBRAND, GARY HOFFKINS, RICHARD STOOK, JOSEPH RONDINI AND FREDERICK QUEZADA

By:_____s/_____
    William J. Kupinse, Jr. (ct06113)
    Goldstein and Peck, P. C.
    1087 Broad Street
    Bridgeport CT 06604
    Telephone: 203-334-9421
    Fascimile: 203-334-6949
    kupinsew@goldsteinandpeck.com